UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN WALKER, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Misc. Action No. 09-279 (RMC) |
| THE CENTER FOR FOOD SAFETY, | ) ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM OPINION

The Center for Food Safety ("CFS") abhors the application of sewage sludge onto land, believing that it is harmful to animal health and the environment. It, and its Executive Director Andrew C. Kimbrell, have offered support and information to a group of plaintiffs in a *qui tam* lawsuit[1] in Georgia ("Georgia Plaintiffs") that challenges the accuracy of a report on the subject done for the Environmental Protection Agency and alleges that the authors violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*. *See* CFS Mem. in Opp'n to Pet'rs Mot. for Contempt ("CFS Mem.") [Dkt. # 6] at 3-4. When the defendants in the Georgia suit became Petitioners here and attempted to subpoena documents from CFS, it refused to comply. This litigation to enforce the subpoena ensued, and the Court ordered CFS to produce the documents requested under the subpoena. Before the Court now are a motion for contempt from Petitioners and a motion for reconsideration from CFS.

I.  FACTS

CFS is located in Washington, D.C. It is not a party to the Georgia lawsuit, although

---

[1] *United States ex rel. Lewis v. Walker*, Civil Action No. 3:06-cv-16 (M.D. Ga.).

it apparently agrees with its goals and has provided various forms of support to it. On April 29, 2009, Petitioners' counsel caused this Court to issue a subpoena to produce documents that was served on CFS via personal service by Capital Process Services, Inc., on April 30, 2009.[2] Executive Director Kimbrell responded in writing to the subpoena on May 8, 2009, but did not produce any documents, asserting that the requested items were all protected by the attorney-client or attorney work product privileges. Nor did he produce a privilege log. On May 14, 2009, Petitioners' counsel sent a letter to CFS disputing the claims of privileges and requesting further information. CFS did not respond. Petitioners' counsel sent a second letter to CFS on May 29, 2009, threatening to file a motion to compel if CFS did not respond. CFS did not respond. *See* Pet'rs Mot. for Contempt ("Pets. Mot.") [Dkt. # 5] at 2-3.

Petitioners filed their motion to compel in this Court on June 5, 2009. *See* Dkt. # 1. The motion to compel was served on CFS on June 24, 2009. CFS filed no opposition or any response of any kind. Petitioners then filed, on July 14, 2009, a Motion for Entry of Order Compelling Production of Documents, which the Court entered on the same day, compelling CFS "to produce all documents in its possession, custody or control requested by the subpoena . . . issued by this Court and served on the Center for Food Safety on April 29, 2009, within five (5) days of the Court's Order." July 14, 2009 Order Granting Motion to Compel [Dkt. # 4].

Despite the Court's Order, Mr. Kimbrell wrote to Petitioners' counsel on July 20, 2009, refusing to produce any documents and providing an admittedly insufficient privilege log. *See* Pet'rs Mot. at 4; CFS Mot. at 10. Petitioners' counsel replied on July 27, 2009, informing Mr.

---

[2] The subpoena was sent to the counsel for the Georgia Plaintiffs the day it was issued. *See* Pets.' Reply, Ex. B (Copy of Subpoena, sent via email to Georgia Plaintiffs' counsel).

Kimbrell that CFS was in violation of the Court Order and should produce the documents by July 30, 2009, or Petitioners would seek to have CFS held in contempt.  At that point, CFS retained counsel, who indicated that a response to the July 27 letter could not be prepared by July 30.  On July 31, 2009, CFS wrote to Petitioners' counsel and again refused to produce the documents because of the claimed privileges.  *See* Pet'rs Mot. at 4-5.

Petitioners filed a motion for contempt on August 4, 2009.  *See* Dkt. # 5.  On August 18, 2009, CFS filed an opposition to the motion for contempt and a motion for reconsideration of the Court's Order compelling CFS to respond to the subpoena, *see* Dkt. # 6, to which Petitioners have responded.  For the reasons set forth below, the Court will grant Petitioners' motion for contempt and deny CFS's motion for reconsideration.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 45(e) states:  "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).  Furthermore, "'[t]he power to punish for contempts is inherent in all courts; its existence is essential to . . . the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice.'"  *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (quoting *Ex parte Robinson,* 86 U.S. (19 Wall.) 505, 510 (1874)). As another court in this district has recognized,

> [f]ederal court orders are to be obeyed unless and until litigants succeed in having them duly overturned by the appropriate court of appeals. Litigants may not defy court orders because their commands are not to the litigants' liking. If the rule of law is to be upheld, it is essential that the judiciary takes firm action to vindicate its authority and to compel compliance with lawfully issued directives.

*Am. Rivers v. Army Corps of Eng'rs*, 274 F. Supp. 2d 62, 70 (D.D.C. 2003).

Courts employ civil contempt sanctions "'for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Sheet Metal Workers v. EEOC*, 478 U.S. 421, 443 (1986) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "Unlike discovery sanctions, civil contempt sanctions may not be punitive – they must be calibrated to coerce compliance or compensate a complainant for losses sustained." *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009).

> A civil contempt proceeding typically involves three distinct steps: (1) issuance of an order; (2) following disobedience of that order, issuance of a conditional order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party purges itself of contempt by complying with prescribed purgation conditions; and (3) exaction of the threatened penalty if the purgation conditions are not fulfilled.

*NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1184 (D.C. Cir. 1981). Because of their conditional nature, civil contempt sanctions may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard and do not require a jury trial or proof beyond a reasonable doubt. *United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

In seeking civil contempt sanctions, a plaintiff need only show, by clear and convincing evidence, (1) the existence of a reasonably clear and unambiguous court order and (2) a violation of that order by the defendant. *See Broderick*, 437 F.3d at 1234; *Lee v. Dep't of Justice*, 401 F. Supp. 2d 123, 131 (D.D.C. 2005). The defendant's "failure to comply with the court decree need not be intentional." *Blevins Popcorn Co.*, 659 F.2d at 1183; *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil

contempt . . . . Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.").

A defendant may attempt to justify its failure to comply with the court's order by establishing either an inability to comply with the order or good faith substantial compliance with the order. *Food Lion, Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997); *SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16-17 (D.D.C. 2000). The defendant must demonstrate an inability to comply "categorically and in detail." *SEC v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995) (internal quotations and citations omitted). Contempt may still be appropriate even when compliance is difficult; the contemnor must show that it has done everything in its power to comply with the court's order. *Pigford v. Veneman*, 307 F. Supp. 2d 51, 57 (D.D.C. 2004). To prove good faith substantial compliance, a party must demonstrate that it "took all reasonable steps within its power to comply with the court's order." *Food Lion, Inc.*, 103 F.3d at 1017 (internal quotations omitted). Although it may be a factor in determining whether a party has substantially complied, good faith alone is not sufficient to excuse contempt. *Id.* at 1017-18.

### III.  ANALYSIS

The problem before the Court originates in part from the fact that Mr. Kimbrell is an attorney, admitted to practice in Pennsylvania, but not practicing law as Executive Director of CFS, not admitted to the Bar of the District of Columbia, not practicing law in this jurisdiction, and certainly not practicing as a trial lawyer. Counsel for the Georgia Plaintiffs have apparently treated him as one of them, sharing information and strategies back and forth. Petitioners argue that, because CFS is a non-profit organization and not a law firm nor a party to the Georgia action, the

Gerogia Plaintiffs have waived any privileges by sharing documents and communications with CFS's executive director and also waived any privileges by not responding properly to the subpoena.

CFS concedes that it did not respond to Petitioners' motion to compel, that it should have produced a privilege log when it objected to the scope of the subpoena initially, and that the privilege log it eventually provided, after the Court's Order, was inadequate. *See* CFS Mem. at 2, 5, & 10. However, to avoid being held in contempt, it argues that the subpoena was invalid because it was delivered by U.S. mail and not in person and that it demanded that the documents be delivered to counsel's office in Atlanta, more than 100 miles from D.C. It also argues that the documents are protected by privileges held by the Georgia Plaintiffs and their lawyers, who are not even before this Court. Thus, CFS submits "that the appropriate course is to reconsider and vacate the order to compel, to deny Petitioners' motion for contempt and to require the parties in this proceeding to meet and confer in an attempt to reduce or eliminate their discovery dispute." CFS Mem. at 2-3.

Counsel for CFS argues that (1) the subpoena was only "served" by mail and, thus, was improper under Federal Rule of Civil Procedure 45, and (2) that Petitioners did not serve a copy of the subpoena on the Georgia Plaintiffs at all, as required by the Rule. Thus, he contends, the subpoena cannot be enforced and it is not in contempt. Unfortunately for counsel to CFS, he has not been in full command of events that occurred before he was retained. CFS was properly served, *see* Pet'rs Reply, Ex. A (Affidavit of Service),[3] and the Georgia Plaintiffs were copied. *See* Pet'rs Reply, Ex. B (Copy of Subpoena, sent via email to Georgia Plaintiffs' counsel). It is insufficient to argue that the Georgia Plaintiffs are not before this Court. The Georgia Plaintiffs knew of the subpoena

---

[3] Exhibit A to Petitioners' Reply brief demonstrates that CFS was served in person at its office located at 660 Pennsylvania Ave SE, Suite 302, Washington, D.C. 20003, on April 30, 2009, at 11:13 a.m.

and what it sought and also knew of the motion to compel and, to some degree, spoke with Mr. Kimbrell about a response to it.

Counsel's argument that the subpoena is invalid because it requires CFS to produce documents at a location "well over the 100 mile limit set forth in Rule 45(c)(3)(A)(ii)" also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents "need not appear in person at the place of production or inspection." *See* Fed. R. Civ. P. 45(c)(2)(A). The subpoena can be enforced.

And it must be. CFS argues that it is inappropriate to reach this conclusion and penalize the Georgia Plaintiffs when they are not before the Court. Their absence is their choice, as it has been since this matter was filed. Rule 45(d)(2) requires a party withholding documents requested under a subpoena on the basis of privilege to "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii). The Georgia Plaintiffs, along with CFS, had numerous opportunities to assert their claims of privileges and produce an adequate privilege log before the Court entered its order compelling production, and they failed to do so. Thus, they have waived their claims to privilege. *See Dorf & Stanton Communications v. Molson Breweries,* 100 F.3d 919, 923 (Fed. Cir. 1996) (finding that Plaintiff waived its claim to privilege when it produced two privilege logs containing insufficient detail to establish privilege but failed, even after a court order compelling production, to provide an adequate privilege log as required by the local civil rules and Federal Rule 45(d)(2)); *In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001) ("The operative language [of Rule 45(d)(2)] is mandatory . . . . A party that fails to submit a privilege log is deemed to waive the underlying privilege claim."); Banks v. Office of the

Senate Sergeant-At-Arms & Doorkeeper, 233 F.R.D. 1, 9 (D.D.C. 2005) (finding that a party who failed to assert attorney-client privilege until after the close of discovery and after it had submitted its privilege log waived its claim of privilege).

On these facts, where CFS has failed to obey a subpoena and, on top of that, violated a specific court order without legal basis, the Court finds that CFS is in civil contempt. Thus, Petitioners' motion for contempt will be granted and CFS's motion for reconsideration will be denied. The Court will order CFS to produce the subpoenaed documents no later than November 16, 2009. If CFS fails to do so it will be sanctioned $1,000.00, payable to the Clerk of Court, and $100.00 for each day of non-compliance thereafter. A memorializing order accompanies this memorandum opinion.

Date: November 5, 2009                                  /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge